Law Library

FILED
SUPERIOR COURT
OF GUAM

'09 MAR 13 AM 9: 52

SUPERIOR COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
) CRIMINAL CASE NO. CM0815-08
)
)
)
vs. ) **DECISION AND ORDER**
)
)
)
RONALD SAN AGUSTIN CAMACHO, )
)
)
Defendant. )
_____ )

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 11th day of March, 2009, for hearing on the Defendant's Motion to Dismiss. Assistant Attorney General Jonathan Luke represented the Government, and Assistant Public Defenders Maria Fitzpatrick and Richard Dirkx represented the Defendant. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

In bringing this motion before the Court, the Defendant sets forth two arguments to support his claim that dismissal of the case is warranted. First, the Defendant argues that the Government's failure to bring him before the Court within one year of the date of his arrest for a misdemeanor crime violated his right to be arraigned promptly, and violated his rights under the case People v. Palomo, 1998 Guam 12 (Sup.Ct.Guam 1998)[1]. The Defendant then argues that the failure to charge and arraign him quickly after his arrest constituted violations of his statutory and

---

[1]

Although the Defendant repeatedly refers and argues that the Government's actions have violated his right under the case People v. Villapando, 1999 Guam 31 (Sup.Ct.Guam1999), that case only extended the protections granted to those charged with misdemeanor crimes in the case People v. Palomo, 1998 Guam 12 (Sup.Ct.Guam 1998) to those charged with felony crimes. People v. Villapando, 1999 Guam 31, ¶¶ 22–25 (Sup.Ct.Guam1999). The Defendant in this case is charged only with a misdemeanor crime, therefore, his rights are actually delineated under People v. Palomo, 1998 Guam 12 (Sup.Ct.Guam 1998).

constitutional rights to a speedy trial. Essentially, the Defendant argues two delays by the Government. He argues that the delay between the date of his arrest and the date that he was charged with a crime caused violations of Palomo and his rights to speedy trial, and the delay between the date he was charged with the crime and his first appearance in court caused violations of Palomo, his right to prompt arraignment under 8 GCA §60.10, and his speedy trial rights.

## A. Violation of Palomo

In the situation presented in this case, the Defendant was initially arrested and released pursuant to the statutory scheme set forth under 8 GCA §25.10, in which the police may arrest and release a defendant without taking the defendant before a judge. In People v. Villapando, 1999 Guam 31, the Guam Supreme Court discussed the choice of this method under Palomo:

> As shown above, the court, in Palomo, viewed two options in charging out cases, misdemeanors in that case. First, the police could arrest and detain a defendant, thereby not invoking § 25.30 at all and § 10.20 would be the only time constrained(sic) placed upon the People to commence prosecution. *See* 8 GCA § 45.10 (1993). Second, the citation and notice to appear issued by the police could be issued. However, once that method of preliminary "prosecution" is invoked, then the mandates and time guidelines of § 25.30 and the date on which the defendant is required to appear come into play . . . .

People v. Villapando, 1999 Guam 31, ¶34 (Sup.Ct.Guam 1999).

When the police decide to release a defendant pursuant to 8 GCA §25.10 and its related statutes, instead of taking the arrestee before a judge as required under § 45.10, the arresting officer may release the arrestee "pursuant to the procedure provided by this Chapter [25]." 8 GCA §25.10. Pursuant to Chapter 25, an officer is required to prepare a Notice to Appear, have the arrestee sign the Notice to Appear and deliver a copy of the Notice to Appear to the prosecuting

attorney. 8 GCA §§ 25.20 and 25.30. If a prosecutor reviews the case and the Notice to Appear, and determines that the offense should be prosecuted, the prosecutor must file the Notice to Appear with the Court, along with the complaint and any affidavits necessary. 8 GCA §25.30.

The neither alleges nor shows that the Government failed to follow this procedure in any respect. Rather, the Defendant alleges that the Government could have and should have applied for an earlier summons in lieu of filing the Notice to Appear which was issued to the Defendant to prevent delay. This contention is belied by the plain language of 8 GCA §25.30, which mandates that the prosecutor decides to institute a criminal prosecution in this manner, the prosecutor "*shall file the notice to appear* and a complaint . . . in the court in which the person has promised to appear." 8 GCA §25.30 (emphasis added). There is no requirement that the prosecutor request a summons and neglect the duty to file the notice to appear with the court. Accordingly, the requirements of Palomo were not violated by the Government's use of the Notice to Appear issued to the Defendant.

The Defendant next argues that Palomo was violated because his first appearance before the court occurred more than one year after his arrest. This argument also fails.

8 GCA §45.30 governs the Defendant's first appearance before a judge. It states in relevant part:

> (a) At the time the defendant is brought before the court pursuant to . . . a notice to appear pursuant to §25.20, the court shall inform the defendant; (1) of the complaint against him and of any affidavits filed therewith. (2) of his right to retain counsel. (3)of his right to request the assignment of counsel if he is unable to obtain counsel. (4)of the general circumstances under which he may secure his pretrial release. (5) of his right to prosecution by indictment, where such right is available. (6) of his right to a preliminary examination, where such right is available. (7) that he is not required to make a statement and that any statement made by him may be used against him.

Page 3 of 14

8 GCA §45.30(a)(2008).

There is no requirement that the Defendant's first appearance under 8 GCA §45.30 must occur before the statute of limitations expires.

The Defendant argues that the Court should infer that the Defendant's first appearance before the Court must occur before the expiration of the applicable statute of limitations, even when the defendant is charged before the expiration of the statute of limitations, because the Villapando and Palomo decisions suggest that police should set the notice to appear date before the expiration of the applicable statute of limitations. People v. Villapando, 1999 Guam 31, ¶31 (Sup.Ct.Guam 1999).

This inference cannot be made. The Palomo case addressed only the issue of whether a notice to appear date which was set earlier than the applicable statute of limitations in a misdemeanor case created a new, *de facto* statute of limitations because 8 GCA §25.30 requires that the prosecutor file the notice to appear and a complaint "at or before the time at which the person promised to appear." The Villapando case merely extended that reasoning to felony cases. In both cases, the Supreme Court of Guam explicitly declined to address the situation in which a defendant was charged within the applicable statute of limitations and before the notice to appear date. People v. Villapando, 1999 Guam 31, ¶31, n.10 (Sup.Ct.Guam 1999). That is the situation presented in this case.

The Government is required only to charge the Defendant before the date scheduled in the Notice to Appear or the statute of limitations, which begins running on the date after the offense is committed, whichever is earlier. 8 GCA §10.60 (prosecutor must file misdemeanor charges

Page 4 of 14

within one year); 8 GCA §25.30 (prosecutor must file a complaint on or before the notice to appear date); and People v. Palomo, 1998 Guam 14, ¶14 (Sup.Ct.Guam 1998)( when the notice to appear date is set within the applicable statute of limitations, charging must occur before the earlier of the notice to appear date or the statute of limitations in order to comply with 8 GCA §25.30). The statute governing notices to appear requires only that the prosecutor file a complaint "[a]t or before the time at which the person promised to appear," and that the prosecutor "shall file the notice to appear, and a complaint, and affidavits which satisfy the requirements of §45.20 in the court in which the person has promised to appear." 8 GCA §25.30.

The Palomo decision was instituted to insure compliance with the mandates of 8 GCA §25.30 when a defendant has been arrested and released pursuant to Chapter 25. In this case, the Government has complied with 8 GCA §25.30 and the applicable statute of limitations. Accordingly, the harm against which the Palomo decision protects is nonexistent in this case, and there is no violation of the mandates of Palomo.

## B. Constitutional and Statutory Speedy Trial Rights Violation

The statutory test for whether a case should be dismissed for reasons of time is found in 8 GCA §80.60(a) and (b). For a defendant who is not in custody, the court shall dismiss a criminal action under 8 GCA §80.60(a) if trial "has not commenced within sixty (60) days after his arraignment." 8 GCA §80.60(a)(2).

Defendant asserts that the Court and the Government have violated this provision of the Code because he was not charged and arraigned promptly, thus causing unnecessary delay in bringing the underlying case to trial. Defendant contends that he was "accused" of a crime when he was arrested and issued a Notice to Appear, however, he was not charged with any crime until

nine months later. Therefore, he claims dismissal is warranted.

Dismissal is considered a drastic step and is generally disfavored as a remedy, particularly where the right to speedy trial is in question. "The amorphous quality of the right (to speedy trial) . . . leads to the unsatisfactorily severe remedy of dismissal of the indictment where the right has been deprived." Barker v. Wingo, 407 U.S. 514, 522, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972). Overzealous application of dismissal for speedy trial violation would grant those guilty of crimes immunization based on procedural legal error, rather than protecting "the societal interest in trying people accused of crime." United States v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966).

In this case, the Defendant was not held in custody following his arrest. 8 GCA § 10.30 specifically allows the Government up to one year to charge a defendant in a misdemeanor case after the person's arrest. The legislature has determined that this is a reasonable time period to allow the Government to investigate and charge the crime, and to ensure that the Defendant is not unduly prejudiced by a lengthy delay. Each jurisdiction is free to prescribe its own reasonable time standard for the commencement of prosecutions. Barker v. Wingo, 407 U.S. 514, 523 (1972). Because the Government charged the Defendant within the time allowed by the legislature, and the Defendant was not in custody pursuant to 8 GCA 80.60(a)(1), there can be no violation of his statutory right to speedy trial for failing to charge him earlier.

Moreover, under 8 GCA §80.60(a), a statutory violation of the Defendant's right to speedy trial is triggered only after a defendant's arraignment. A violation occurs if the Defendant asserts the right and trial "has not commenced within sixty (60) days after his arraignment." Pursuant to 8 GCA §60.10, "[t]he defendant shall be arraigned promptly after the . . . complaint

is filed . . . ." According to the note following the section, the intent of the legislature was not to require any specific time frame for arraignments, but merely to protect against any unreasonable delay between the time of charging and the time of arraignment. 8 GCA §60.10, Note. There is no requirement that the legislature quantify the specific time frames underlying the right to speedy trial, and each jurisdiction may decide what is a reasonable time period triggering speedy trial analysis. Barker v. Wingo, 407 U.S. 514, 523 (1972). In this case, the legislature has deemed it sufficient that the arraignment be conducted promptly, without quantifying any certain time period.

The Defendant claims that his right to prompt arraignment was violated when he was arraigned after his first appearance, scheduled by the Notice to Appear given to him when he was charged. Because his first appearance set by the date on the Notice to Appear was six days after the one year statute of limitations set by 8 GCA § 10.30, and the arraignment occurred shortly thereafter, the Defendant claims that his statutory right to prompt arraignment, through his right to speedy trial, was violated. The Court disagrees.

The Court finds that under 8 GCA §25.30, when the Defendant is issued a Notice to Appear, the Government is *required* to file the notice to appear with the Court. There is no corresponding requirement that the prosecution *request* a summons for the earlier appearance of the defendant. *See* 8 GCA §§ 15.20(a) and 25.30. The Defendant does not argue, and presents no evidence that the summons issued by the Court "at a stated time and place," under 8 GCA §15.40 could not have been set for a date later than the statute of limitations. Accordingly, there is no meaningful difference between the date of the Defendant's first appearance as set pursuant to a notice to appear or a summons. Because the Court has already found that the prosecution was

commenced within the statute of limitations, the delay of only six days between the end of the limitations period and the Defendant's first appearance had no cognizable effect on the date of the Defendant's arraignment, and the Defendant was promptly arraigned.

Defendant next contends that his right to a speedy trial granted by the Sixth Amendment has been violated by the Government's failure to charge the Defendant quickly. The Sixth Amendment guarantees a person accused of a crime to a speedy trial. The Defendant claims that he was "accused" and therefore the Sixth Amendment applied to him, when he was arrested and issued a Notice to Appear.

Under Barker v. Wingo, 407 U.S. 514 (1972), to determine whether a defendant has been deprived of his Sixth Amendment right to a speedy trial, the court balances four factors : (1) the length of the delay; (2) the reason for delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing test is one in which the actions of both the prosecution and the defendant are weighed. Id. at 530.

The length of delay is a threshold factor. The issue addressed under the first factor is whether the length of delay before trial was unusually long. Doggett v. United States, 505 U.S. 647, 651 (1992). This factor requires a double inquiry. Id. First, to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay. Id., (citation omitted). If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the delay. Id.

Delays over one year are presumptively prejudicial. Doggett v. United States, 505 U.S.

647, 648, n.1(1992) (lower courts find delays of one year presumptively prejudicial, and delay of eight and one half years is "six times as long as that generally deemed sufficient to trigger judicial review"); *accord* U.S. v. Lattany, 982 F.2d 866, 882(3rd Cir.1992); U.S. v. Olderbak, 961 F.2d 756, 761(8th Cir.1992); United States v. Beamons, 992 F.2d 1009, 1012-1013 (9th Cir. 1993); Cowart v. Hargett, 16 F.3d 642, 646–47(5th Cir.1994); United States v. Santiago-Becerril, 130 F.3d 11, 21–22(1st Cir.1997); United States v. Schlei, 122 F.3d 944, 987 (11th Cir.1997); U.S. v. Taylor, 196 F.3d 852, 861 n.14(7th Cir.1999) Maples v. Stegall, 427 F.3d 1020, 1026 (6th Cir.2005); U.S. v. Batie, 433 F.3d 1287, 1290 (10th Cir.2006).

Defendant alleges a pre-charging delay of approximately nine months, and despite the fact that "a defendant's primary safeguard against unreasonable prosecutorial delay lies in the applicable statute of limitations," U.S. v. Spears, 159 F.3d 1081, 1084 (7th Cir. 1998), the Defendant alleges that his right to a speedy trial was violated, not because he was not charged outside of the applicable statute of limitations, but only because he was not charged as quickly as possible. In this case, even if the Court assumes that the date of the Defendant's arrest is the date he was "accused" for the purposes of triggering the protections of the Sixth Amendment, the Defendant does not allege that the interval between the time of accusation and time of trial had crossed the threshold dividing ordinary from presumptively prejudicial delay.

The delay alleged by the Defendant, which is the length of time between the date on which he was arrested, December 25, 2007, and the date on which he was charged, September 15, 2008, encompasses only nine months. This "delay" falls short of the time held by the Federal Circuit Courts, and noted in Doggett to be presumptively prejudicial. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the

balance." Barker, 407 U.S. at 530, 92 S.Ct. at 2192. The record indicates that any "delay" in this case did not cross the threshold dividing ordinary from presumptively prejudicial delay. As the United States Supreme Court recognized in Doggett, some pretrial delay is often inevitable and wholly justifiable. 505 U.S. at 656, 112 S.Ct. at 2693. Therefore, Defendant does not allege the proper time interval upon which to claim that the delay was presumptively prejudicial, and further examination of Defendant's speedy trial claim is unnecessary, because a speedy trial analysis has not been triggered under Barker.

Notwithstanding this defect in Defendant's claims, if the Court assumes that Defendant has alleged a presumptively prejudicial delay under Doggett, his argument still cannot be sustained because the remaining factors weigh against him.

Of the Barker factors, "[t]he flag all litigants seek to capture is the second factor, the reason for delay." U.S. v. Loudhawk, 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986). Thus, the reason for the delay is of utmost importance, as "different weights will be assigned to different reasons." Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101(1972). The United States Supreme Court noted that delays caused by the Government may or may not be weighed in favor of a defendant's motion for dismissal. U.S. v. Loudhawk, 474 U.S. at 316, 106 S.Ct. at 656–57.

As discussed in the previous section regarding Defendant's statutory rights to a speedy trial, the Court finds that the "delay" in this case is not a delay. 8 GCA § 10.30 specifically authorizes the Government to take up to one year to charge a defendant in a misdemeanor case. The "delay" alleged by the Defendant is endorsed by the legislature, and the Defendant does not challenge the constitutionality of this statute. The Defendant cannot claim that his speedy trial

rights have been violated, because the statute is designed to protect the interests of the Defendant by ensuring that any prosecution for a misdemeanor offense be brought within a specific time period. Under 8 GCA § 10.30, the legislature has determined that one year is a short enough time period to allow the Government to begin prosecutions, and to allow the Defendant notice and time to prepare a defense. As stated by the United States Supreme Court:

> "[I]n large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself."

United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). There is no constitutional requirement that prosecutions be initiated within any certain time frame before the applicable statute of limitations. Therefore, the Court cannot find that the Government was constitutionally required to institute prosecutions under some time standard other than that set forth by the Guam legislature. To do so would require this Court to create law and usurp the powers granted to the legislature. This Court declines to create a new statute of limitations other than that set by the legislative body of Guam. Thus, the second factor weighs heavily against dismissal.

The Court finds that the Defendant asserted his right to speedy trial early in the proceedings and in writing, and accordingly, the third factor weighs in his favor.

Lastly, Defendant asserts that he has been prejudiced because the delay has caused a witness to move to the mainland United States. In determining the final factor of the test, the Barker court identified three interests which the right to a speedy trial was designed to protect: 1) to prevent oppressive pre-trial incarceration; 2) to minimize anxiety and concern of the

accused; and 3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532, 92 S.Ct. at 2193. Because all of these interests are related to how the delay will affect the defendant's chances at trial, the court reasoned that, of the three interests, "the most serious is the last, because the inability of the defendant adequately to prepare his case skews the fairness of the entire system." Id. at 532, 2193.

In this case, while Defendant's assertion that one of the witnesses has moved a great distance away may arguably be true, the Defendant cannot show that his defense or his ability to defend against the charges has been impaired.

The Defendant declares that a material witness has been made unavailable by the pre-charging delay of the Government in this case. Under Rule 804(a)(5) of the Federal Rules of Evidence a proponent is required to do more than make a bare assertion of a declarant's absence from the subpoena jurisdiction. U.S. v. Yida, 498 F.3d 945, 951 (9th Cir. 2007). Rule 804(a)(5) requires that a finding of unavailability be first supported by the fact specific reasonable efforts of the proponent to secure his testimony. Id. at 951-957; accord Hamilton v. Morgan, 474 F.3d 854, 858 (6th Cir. 2007). In this case, the Defendant declares that he knows the location of the witness, and has access to the witness' address, contact information, and other family members who share this information. Despite the Defendant's knowledge of the witness' whereabouts, he has submitted no evidence of any efforts to secure the witness' testimony at trial, and fails to show that the witness will not be available to testify at trial. See People v. Mendiola, 1999 Guam 8, ¶¶11–18 (Sup.Ct.Guam 1999)(the defendant must show that there was an actual loss of testimony which meaningfully impaired his defense). Accordingly, the Defendant has failed to show that the witness is unavailable.

Even if the Court were to find that the witness is unavailable, where a person claims that he was prejudiced because exculpatory witnesses have become unavailable during a pre-charging or pre-indictment delay, "[he/she] must do more than show that a particular witness is unavailable and that the witness' testimony would have helped the defense. He must also show that the witness would have testified, withstood cross-examination, and that the jury would have found the witness credible." Id., citing, United States v. Doerr, 886 F.2d 944, 964 (7th Cir.1989).

The Defendant presents no evidence as to any of these factors. The Court has no evidence that the witness' testimony would have exculpated the Defendant, or that he would have testified on behalf of the Defendant, withstood cross-examination or that he would have been found credible.

The Defendant presented no evidence that he has been unable to gather evidence, or that any witnesses have lost their memory of events or actually become unavailable during the last year. Defendant can show no real prejudice from the delay. Nor will it suffice to allege that he has been prejudiced simply because his constitutional right to a speedy trial has been violated. See Barker, 407 U.S. at 521, 92 S.Ct. at 2187 (unlike other rights, "deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself").

Noting the fact that the length of the "delay" in this case does not trigger a speedy trial analysis, and was authorized by the Guam legislature through the applicable statute of limitations, the Court has sufficient grounds to deny the Defendant's Motion to Dismiss for Denial of Right to Speedy Trial. However, even considering the other factors, the Defendant's rights to a speedy trial have not been violated. Accordingly, dismissal is not required by 8 GCA §80.60 or the Sixth Amendment.

## CONCLUSION

After hearing arguments on the motion and considering all of the filings and evidence presented, the Court finds that the Defendant's rights under <u>Palomo</u> and rights to prompt arraignment and speedy trial have not been violated. Based upon the foregoing, the Motion to Dismiss is DENIED.

**SO ORDERED**, this **MAR 1 3 2009** .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam

MAR 1 3 2009

Jacqueline S. C. Terlaje
Deputy Clerk, Superior Court of Guam